IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FUTURE CARE CONSULTANTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH CONNOLLY and MEGHAN DAVEY, in their official capacities only, <br><br> Defendants. | Civil No. 17-2552 (RMB/AMD) <br><br> **OPINION** |

APPEARANCES:

Sb2, Inc.
By: John Pendergast, Esq.
    Katie Z. Van Lake, Esq.
1426 N. 3rd Street, Suite 200
Harrisburg, Pennsylvania 17102
    *Attorneys for Plaintiff*

Office of the Attorney General, State of New Jersey
By: Marc D. McNally, Deputy Attorney General
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
    *Attorney for Defendants*

**BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiff, Future Care Consultants, LLC, which operates a nursing home, brings this civil rights suit seeking to recover Medicaid benefits purportedly on behalf of its former resident, Delia Sarlo, who passed away four years before the initiation of this suit. Defendants Elizabeth Connolly, Acting Commissioner

1

of the New Jersey Department of Health and Human Services, and Meghan Davey, Director of the New Jersey Division of Medical Assistance and Health Services, allegedly administer the Medicaid program on behalf of the State of New Jersey. They are sued in their official capacities only. Defendants presently move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the suit is barred by the Eleventh Amendment to the United States Constitution, and that Plaintiff Future Care lacks prudential standing to sue for Delia Sarlo's asserted injuries.[1] For the reasons stated herein, the motion will be granted.

## I. FACTUAL BACKGROUND

On May 13, 2011, Delia Sarlo, 87 years old at the time, was admitted to Plaintiff Future Care's long-term residential "compassionate care" facility. (Amend. Compl. ¶ 9) A few months later, the Camden County Probate Court adjudged Delia Sarlo incapacitated and appointed Nicholas Sarlo as her guardian. (Plaintiff's Ex. B, Camden County Superior Court Probate Part Judgment of August 15, 2011)

---

[1] Defendants also assert other merits-based attacks pursuant to Fed. R. Civ. 12(b)(6) but the Court does not reach those issues. Additionally, Plaintiff has sought leave to file a sur-reply. [Dkt No. 22] However, the sur-reply addresses an issue the Court does not reach. Accordingly, the motion for leave to file a sur-reply will be denied as moot.

The Amended Complaint next alleges, "[t]he Plaintiff applied for Medicaid benefits on November 17, 2011 with the Camden County Board of Social Services." (Amend. Compl. ¶ 14)[2] The application was denied on January 28, 2013.[3] (Id. at ¶ 17) On February 15, 2013, Delia Sarlo passed away. (Id. at ¶ 10)

---

[2] Throughout the Amended Complaint, and Future Care's papers in opposition to the instant motion, the word "plaintiff" is used indiscriminately. Sometimes, when read in context, "plaintiff" must necessarily-- and erroneously-- mean Delia Sarlo. Other times, when read in context, "plaintiff" must necessarily-- and correctly-- mean Future Care. Still other times it is not possible to discern whether "plaintiff" refers to Future Care or Delia Sarlo. The Court observes that this is not the first time that Plaintiff has overlooked the critical distinction between the nursing home / plaintiff and the resident. See Westminister Nursing Ctr. v. Cohen, No. 5:17-CV-96-FL, 2017 WL 5632661, at *10 n.1 (E.D.N.C. Nov. 22, 2017) ("In some instances, the complaint and plaintiff's response in opposition to the instant motion to dismiss refer to Mary Shook ("Shook"), Catherine Glasco ("Glasco"), Darryl Brown ("Brown"), Boyd McKay ("McKay"), Elijah Morton ("Morton"), and Gloria Patterson ("Patterson") (collectively, "the residents") as "plaintiffs." However, where the caption of the second amended complaint names plaintiff as authorized representative of the residents without naming the residents as parties appearing for themselves, and where no notice of appearance, notice of self-representation, nor financial disclosure statement has been filed pertaining to any of the residents, the residents have not been joined as parties to this action. See Local Civil Rule 5.2. Therefore, the caption has been amended so that "plaintiff" now is designated in the singular.") (Sb2, Inc. appearing on behalf of the plaintiff).

[3] The Amended Complaint alleges that the application was denied for failure to timely provide information concerning six different bank accounts appearing to belong to Delia Sarlo. (Amend. Compl. ¶¶ 16-17) The Amended Complaint pleads that such information was, indeed, provided four days late. (Amend. Compl. ¶ 18)

3

On March 4, 2014, the appeal of the denial of Delia Sarlo's application for Medicaid benefits ended with the New Jersey Division of Medical Assistance and Health Services' adoption of the initial denial decision. (Amend. Compl. ¶ 27)

On April 18, 2016-- three years after Delia Sarlo died, and two years after the Medicaid appeal had concluded-- the New Jersey Superior Court Chancery Division entered a "Judgment Appointing Medicaid Authorized Representative" which ordered "that Sam Stern of Future Care Consultants, LLC shall serve as Medicaid Authorized Representative for Ms. [Delia] Sarlo and take such actions as necessary to pursue the Medicaid eligibility of Delia Sarlo." (Plaintiff's Ex. A) Future Care, purportedly "as agent and/or authorized representative of Delia Sarlo" (Amend. Compl., caption), filed this suit on April 13, 2017.

Future Care asserts that the denial of Medicaid benefits was erroneous and that the process from which the denial resulted violated Delia Sarlo's Due Process and Equal Protection rights under the United States Constitution, as well as her rights under the Americans with Disabilities Act, and the Rehabilitation Act. The Amended Complaint asserts seven counts: (1) "declaratory judgment relief"; (2) "violation of the federal Medicaid Act's medical assistance and nursing facility services mandate" pursuant to 42 U.S.C. § 1983; (3) "violation of the

4

federal Medicaid Act's reasonable promptness requirement" pursuant to 42 U.S.C. § 1983; (4) "violation of the Americans with Disabilities Act"; (5) "violation of the Rehabilitation Act of 1973"; (6) "violation of Due Process and Equal Protection (42 U.S.C. § 1983)"; and (7) "temporary and permanent injunction."

In the Amended Complaint's "Requests for Relief" section, Future Care asks the Court to:

> 109. Issue a Declaratory Judgment in favor of Plaintiffs [sic], requiring Defendant to adhere to the requirements of the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;
>
> 110. Declare unlawful the Defendants' failure to arrange for medical assistance and nursing facility services to Plaintiff [sic];
>
> 111. Issue Preliminary and Permanent Injunctive relief enjoining the Defendants from subjecting Plaintiff [sic] to practices that violate their [sic] rights under the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;
>
> 112. Issue Preliminary and Permanent Injunctive relief requiring the Defendants to arrange for medical assistance and nursing facility services to Plaintiff [sic];
>
> 113. Award Plaintiff the costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205; § 504 of the Rehabilitation Act, and 42 U.S.C. § 1988; and,
>
> 114. Award such other relief as the Court deems just and appropriate, including, but not limited to, compensatory and punitive damages, interest, expenses and costs.

**II. LEGAL STANDARD**

The defense of sovereign immunity is properly raised by motion pursuant to Fed. R. Civ. P. 12(b)(1). The standard of review for a facial challenge to jurisdiction under Rule 12(b)(1) -- as Defendant brings -- is the same as under Rule 12(b)(6). Constitution Party of Penn. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). This Court must presume that Plaintiff's well-pleaded factual allegations are true. Petruska v. Gannon Univ., 462 F.3d 294, 299 (3d Cir. 2006). The Court views these allegations in the light most favorable to Plaintiff. Constitution Party, 757 F.3d at 358.

It is unclear whether the defense of lack of prudential standing-- as distinguished from Article III standing[4]-- should be raised via a 12(b)(1) motion or a 12(b)(6) motion. Third Circuit precedent suggests that 12(b)(1) may be the appropriate choice. See Harris v. Kellogg Brown & Root Servs., Inc., 724 F.3d 458, 463 (3d Cir. 2013) (analyzing the political question defense under a 12(b)(1) rubric and stating "[j]urisdictional and justiciability questions must be resolved before a court

---

[4] Article III standing is an issue of subject matter jurisdiction; prudential standing, however, is an issue of justiciability. Rocks v. City of Philadelphia, 868 F.2d 644, 647-48 (3d Cir. 1989) ("There are two inquiries to federal court standing. The first is the 'pure' article III requirement. . . . The second is the prudential limitation on the exercise of federal jurisdiction.").

6

reaches the merits of a case."); see also 5B Wright, Miller, Kane et al., Fed. Prac. & Proc. Civ. § 1350 (3d ed.) ("Courts have recognized a variety of other defenses that one normally would not think of as raising subject-matter jurisdiction questions when considering a Rule 12(b)(1) motion, such as claims that . . . the action is not justiciable.") (citing Harris).[5]

    The Court need not decide this issue, however, to resolve the instant motion. The parties' arguments rely solely on the allegations of the Amended Complaint and two state court judgments of which the Court may take judicial notice.[6] Therefore, if the prudential standing question were analyzed under 12(b)(1) standards, it would be considered a facial inquiry which, as just stated, does not materially differ from the inquiry the Court conducts on a motion brought under 12(b)(6). Accordingly, the Court proceeds to the legal analysis of both issues-- sovereign immunity and prudential standing-- affording all well-pleaded factual allegations a presumption of truth.

---

    [5] See also, Edelglass v. New Jersey, No. CIV.A. 14-760 FLW DE, 2015 WL 225810, at *5 (D.N.J. Jan. 16, 2015), aff'd sub nom. Allen v. DeBello, 861 F.3d 433 (3d Cir. 2017) (analyzing under a 12(b)(1) rubric, sovereign immunity, prudential standing requirements, the Rooker–Feldman doctrine, Younger abstention, and the domestic-relations exception to diversity jurisdiction).

    [6] Defendants do not question the validity of the judgments.

## III. ANALYSIS

### A. **Eleventh Amendment Immunity and *Ex parte Young***

The Eleventh Amendment generally precludes federal court suits against States, state agencies, and state "officials when the state is the real party in interest." Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). One exception to Eleventh Amendment immunity is the doctrine of Ex parte Young, id., which Future Care invokes here.[7]

In order for a suit to proceed under an Ex parte Young theory, a plaintiff must seek against a state official only relief that is "prospective, declaratory, or injunctive"; "retrospective [relief], such as money damages" is not permitted. Id. Further, such prospective relief must be tailored to address an "'ongoing violation of federal law.'" Id. "In determining whether the Ex parte Young doctrine avoids an Eleventh Amendment bar, the Supreme Court has made it quite clear that 'a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Id. at 324 (quoting Verizon Maryland, Inc. v.

---

[7] Future Care makes no argument that the two other "primary exceptions" to Eleventh Amendment immunity-- congressional abrogation and waiver, Hess, 297 F.3d at 323-- apply.

8

Public Service Commission of Maryland, 122 S. Ct. 1753, 1760, (2002)). Thus, the question presented is, does the Amended Complaint: (1) allege an ongoing violation of federal law; and (2) seek relief "<u>properly characterized</u> as prospective." Hess, 297 F.3d at 324 (emphasis added). The Court holds no on both points.

Most salient in the Court's analysis is the undisputed facts that Future Care purports to bring this suit solely on behalf of Delia Sarlo-- not on its own behalf, and not on behalf of any class of people[8]-- and that Delia Sarlo died four years before this suit was filed. Under these circumstances, there simply is no possibility of an ongoing violation of Delia Sarlo's federal rights, nor any prospective relief that could remedy the alleged violation(s).

Future Care argues that the relief it seeks is prospective in nature, pointing to its requests for injunctive and declaratory relief, but an inquiry beyond the labels of the

---

[8] Future Care strenuously asserts in its brief: "it is very clear from Plaintiff's complaint that it is not asserting causes of action on behalf of a Medicaid provider (Future Care Consultants, LLC, hereinafter referred to as "Future Care"), but rather, and very clearly, on behalf of the Medicaid applicant, Ms. Delia Sarlo. Plaintiff is clear that it has brought this complaint as the Agent/Authorized Representative of Medicaid applicant Ms. Sarlo. Additionally, all of the Plaintiff's claims are clear that they are on behalf of Ms. Sarlo." (Opposition Brief, Dkt No. 20, p. 6)

9

Amended Complaint reveals that such requested relief is not "properly characterized as prospective." Hess, 297 F.3d at 324.[9]

First, the Amended Complaint asserts, "[p]ursuant to federal law, Defendants should afford Plaintiff retroactive Medicaid benefits dating to three (3) months prior to the date of her [sic] initial Medicaid application," (Amend. Compl. ¶ 53)(emphasis added), and seeks "injunctive relief requiring that the Defendants issue payment of [Delia Sarlo's] Medicaid benefits." (Amend. Compl. ¶ 107; see also Amend. Compl. ¶ 75 ("The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendants will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiff [sic].") (emphasis added)). Such requested relief, on its face, is not prospective in nature. As the Amended Complaint states, it seeks "retroactive" relief in the form of "payment" for services "already rendered." Such relief is the polar opposite of "'forward-looking' relief cognizable under Ex parte Young." Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 179 (3d Cir. 2002) (holding that a living plaintiff may seek, under Ex

---

[9] Future Care makes no argument that its other requests for relief-- most notably its request for "compensatory damages"-- are prospective in nature. Accordingly, any such argument is deemed waived. See Laurie v. Nat'l Passenger R.R. Corp., 105 F. App'x 387, 392 (3d Cir. 2004).

parte Young, prospective injunctive relief in the form of job "reinstatement with accommodations for his disability").

Second, the Amended Complaint does request other injunctive relief which might superficially appear to be prospective in nature; for example, it seeks injunctive relief "enjoining the Defendants from subjecting Plaintiff to practices that violate their [sic] rights under the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act," and "requiring the Defendants to arrange for medical assistance and nursing facility services to Plaintiff [sic]." (Amend. Compl. ¶¶ 111, 112) However, such requests for relief were moot *ab initio* because Delia Sarlo was already deceased when this suit was commenced. Thus, there can be no ongoing violation of Sarlo's rights that could possibly be remedied by any form of prospective relief.

At least two other District Courts have reached similar results with respect to nearly identical complaints filed by the same law firm representing Future Care in this case. See Wicomico Nursing Home v. Padilla, No. CV RDB-16-1078, 2017 WL 3383105, at *4 (D. Md. Aug. 7, 2017) (granting state officials' motion to dismiss, holding "[t]he facilities do not seek prospective injunctive relief; they may not avail themselves of the Ex Parte Young exception to state sovereign immunity," and observing, "[t]here is of course, no prospective relief

11

available to the deceased residents.")[10]; Evangelical Lutheran Good Samaritan Soc'y, Inc. v. Randol, No. 16-CV-2665-DDC-GEB, 2017 WL 3085778, at *9 (D. Kan. July 20, 2017) (granting state officials' motion to dismiss, and denying leave to amend, explaining, "[t]he court cannot envision facts that would permit plaintiffs to proceed with their claims for retroactive payment [of Medicaid benefits] based on the Ex Parte Young exception.").[11]

Accordingly, the Court holds that the Ex parte Young exception to the Eleventh Amendment bar does not apply to any of the claims asserted in this suit, and therefore the entire suit is barred by the Eleventh Amendment. For this reason, Defendants' Motion to Dismiss will be granted, and the Amended Complaint will be dismissed in its entirety.

---

[10] Motion for Reconsideration denied by 2017 WL 4457770 (D. Md. Aug. 18, 2017).

[11] See also, Hillspring Health Care Center, LLC v. Dungey, 2018 WL 287954 (S.D. Ohio Jan. 4, 2018) (granting state officials' motion to dismiss on the basis of mootness due to the death of the plaintiff's residents, lack of standing, the Rooker-Feldman doctrine, and res judicata, among other reasons); but see Westminister Nursing Ctr. v. Cohen, 2017 WL 5632661, at *5 (E.D.N.C. Nov. 22, 2017) (denying in part state officials' motion to dismiss, holding that to the extent the complaint "seeks compensation for expenses defendant should have paid under rules applicable to plaintiff's claims," such relief is prospective and therefore permitted by Ex parte Young).

**B. Future Care's Standing to Assert Delia Sarlo's Claims**

Alternatively, Future Care lacks standing to assert Delia Sarlo's claims for violation of Sarlo's rights under the ADA, Rehabilitation Act, and the United States Constitution.

The Supreme Court "'has held that [a] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties. Without such limitations-- closely related to Art. III concerns but essentially matters of judicial self-governance-- the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights.'" Rocks v. City of Philadelphia, 868 F.2d 644, 649 (3d Cir. 1989) (quoting Warth v. Seldin, 422 U.S. 490, 499–500 (1975)); see generally, O'Malley v. Brierley, 477 F.2d 785, 789 (3d Cir. 1973) ("Guiding our inquiry, then, will be the general rule that a litigant may only assert his own constitutional rights or immunities, and the principle that one cannot sue for the deprivation of another's civil rights.") (internal citations and quotations omitted).

Future Care first asserts that it has standing by virtue of the post-Medicaid appeal, posthumous judgment appointing Future Care as Sarlo's Medicaid representative. (Plaintiff's Ex. A)

Even assuming *arguendo* the efficacy of this document to confer federal court standing as to Sarlo's § 1983 Medicaid claims asserted in Counts 2 and 3 of the Amended Complaint-- a proposition this Court doubts but does not decide[12]-- the judgment clearly limits Future Care's authorization to taking "such actions as are necessary to pursue the Medicaid eligibility of Delia Sarlo." (Id.) Nothing in the judgment can be interpreted as effectively assigning to Future Care Delia Sarlo's claims for alleged disability discrimination and violations of her constitutional rights, which exist independently of any claim to Medicaid benefits. Thus, Future Care's first theory of standing fails.

Second, citing Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977), Future Care asserts, without any analysis, that it has organizational standing to "assert claims on behalf of its members." (Opposition Brief, p. 10) This argument also fails.

An entity may invoke associational or representational standing when: "(a) its members would otherwise have standing to

---

[12] At least one District Court has held that the authorization does not confer standing to file suit in federal court. See Hillspring Health Care Center, 2018 WL 287954 at *4-5 ("the Court finds that [the Medicaid] regulations do not extend to Plaintiff the authority to maintain a federal lawsuit on [a resident's] behalf after her death and after a final decision on her Medicaid eligibility has been made.").

14

sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 405 (3d Cir. 2005) (quoting Hunt, 432 U.S. at 343).

Future Care's argument fails on at least the third prong.[13] Under the third prong, "standing is permitted only where the claims do not require 'a fact-intensive-individual inquiry.'" Am. Chiropractic Ass'n v. Am. Specialty Health Inc., 625 F. App'x 169, 176 (3d Cir. 2015) (quoting Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc., 280 F.3d 278, 286 (3d Cir. 2002)). In this case, a fact-intensive-individual inquiry into the decisionmaking process as to a single member's Medicaid eligibility would be essential to an adjudication of the claims asserted.[14] Such claims are highly personal to Sarlo, and

---

[13] The Court does not rule on the other two prongs.

[14] In this way, the instant suit is distinguishable from Westminister Nursing Ctr., 2017 WL 5632661, at *3. In Westminister, the nursing home challenged the method of calculating six residents' monthly Medicaid liability, and the Court held the third prong of the Hunt test satisfied, explaining, "the validity of defendant's method of calculating patient monthly liability is a question of law, [therefore] relief does not require the participation of individual members in the lawsuit." Id.

therefore not appropriately asserted by Future Care, as an organization, in this case.

Accordingly, separate and independent from this Court's holding with respect to the Ex parte Young issue, this Court alternatively holds that Future Care lacks prudential standing to pursue the claims asserted in Counts 4, 5, and 6 of the Amended Complaint.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. An appropriate Order shall issue on this date.

Dated: February 26, 2018

s/ Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE